FILED
AUG 18 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No. **08MJ8706** |
| Plaintiff, | |
| v. | **FINDINGS OF FACT AND ORDER OF DETENTION** |
| Beatriz LOPEZ-Martinez, | |
| Defendant. | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on August 12, 2008, to determine whether defendant Beatriz LOPEZ-Martinez, should be held in custody pending trial on the grounds that she is a flight risk. Assistant U. S. Attorney Karla K. Davis appeared on behalf of the United States. Court-appointed counsel Paul Blake appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services report and the criminal complaint issued against the Defendant on August 8, 2008, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///
///
///
///

I

FINDINGS OF FACT

A.   Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

   1. The Defendant is charged in Criminal Complaint No. 08MJ8706 with the importation of 21.92 kilograms (48.224 pounds) of cocaine in violation of 21 U.S.C. §§ 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

   2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801, et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant. See, 18 U.S.C. § 3142(e).

   3. The offense carries with it a minimum mandatory 10 years sentence and a maximum sentence of life. See, 21 U.S.C. § 960(b)(1)(B). According to the United States Sentencing Guidelines, the Base Offense level is 34. See, USSG § 2D1.1(3). Assuming the Defendant's criminal history score places her in Criminal History Category I, See USSG § 4A1.1, the sentencing range for the Defendant is 151-188 months in prison.

B.   Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):

   1. On August 7, 2008, Defendant was the driver, sole occupant, and registered owner of a 2002 Ford Focus, as she entered the United States through the Calexico, California, west port of entry. During pre-primary inspection, a Narcotic Detector Dog alerted to the vehicle. Customs & Border Protection Officers escorted Defendant and the vehicle to the secondary inspection lot for further inspection. A subsequent inspection of the vehicle resulted in the discovery of 21.92 kilograms (48.224 pounds) of cocaine concealed within a non-factory compartment located above the gas tank. Defendant stated she was to be paid $1,000.00 to pick the vehicle up in Mexicali. Defendant stated she has done this on four prior occasions. Defendant stated she drops off the vehicles in Paramount, California, and receives $1,000 on each occasion.

C.   History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3):

   1.   Defendant is a citizen of Mexico.

   2.   Defendant resides in Pomona, California.

      3.     Defendant has family residing in Culiacan, Mexico.

      4.     The Defendant is a Resident Alien of the United States but, is in danger of losing her immigration status if convicted of this offense.

    D.    <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)</u>:

      1.     The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. Defendant has the following criminal history:

      03/01/07 - Infraction: Stop at limit line or crosswalk on red or stop - fine

      October 2007 - Failure to Appear

II

REASONS FOR DETENTION

A.    There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint Number 08MJ8706, to wit: the importation of 21.92 kilograms (48.224 pounds) of cocaine in violation of 21 U.S.C. §§ 952 and 960.

B.    The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. Therefore, she has a strong motive to flee.

C.    Based upon the Court's findings, the Defendant has not rebutted the presumption, that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801, et seq.), and that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

III

ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

1  While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 8-18-08

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney

KARLA K. DAVIS
Assistant U.S. Attorney

cc: Paul Blake
    Counsel for Defendant